AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| United States of America | ) |
|---|---|
| v. | ) |
| Joan Benitez | ) Case No. 20-mj-2144 |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _See Attachment A_ in the county of _Cumberland_ in the _____ District of _New Jersey_, the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| 21 USC 841 | See Attachment A. |

This criminal complaint is based on these facts:

See Attachment B.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Jonathan Snow, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: 12/11/2020

*Judge's signature*

City and state: District of New Jersey — Hon. Ann Marie Donio, U.S. Magistrate Judge
*Printed name and title*

CONTENTS APPROVED
UNITED STATES ATTORNEY

By: _____*Andrew B. Johns*_____
Andrew B. Johns
Assistant U.S. Attorney

Date: December 11, 2020

## ATTACHMENT A

## COUNT ONE

### Distribution of Methamphetamine

From on or about January 22, 2020, to on or about September 9, 2020, in Cumberland County, in the District of New Jersey, and elsewhere, the defendant,

### JOAN BENITEZ

did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomer, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## ATTACHMENT B

1. I, Jonathan Snow, am a Special Agent with the Federal Bureau of Investigation ("FBI"). The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested Criminal Complaint and does not set forth all of my knowledge about this matter nor does it identify all information known by the Government concerning this investigation. Except as otherwise indicated, the actions, conversations, and statements of others identified in this Affidavit are reported in substance and in part. Similarly, where events are described with reference to dates and times the events should be read as having occurred on or about or at or about the dated and time referenced.

2. Between on or about January 22, 2020, and on or about September 9, 2020, a confidential human source (hereinafter, the "CHS"), at the direction of the FBI, was able to make several controlled purchases of methamphetamine from Joan Benitez (hereinafter, the "Defednant"). Unless otherwise noted, the controlled purchases used the following procedures. First, the CHS's person and vehicle would be searched for contraband. If none was found, the CHS would be equipped with a recording device, given the money for the purchase, and then sent to meet with the Defendant. The CHS would then meet with the Defendant, purchase the methamphetamine, and then return to a predetermined location. The CHS would then turn over the suspected methamphetamine and debrief law enforcement on his/her interaction with the Defendant. Law enforcement officers surveilled the CHS as he/she travelled to and from the meeting with the Defendant to ensure that the CHS did not make any unexpected stops. Unless otherwise noted, in each of the purchases described below, the CHS provided US Currency to Defendant in exchange for a quantity of methamphetamine.

3. Below is a brief summary of a selection of the controlled purchases where the Defendant sold methamphetamine to the CHS:

   a. On January 22, 2020, the CHS purchased a quantity of methamphetamine from the Defendant at the Defendant's residence, 580 Irving Avenue, Millville, NJ.

   b. On February 5, 2020, the CHS purchased a quantity of methamphetamine from the Defendant at the Defendant's residence

   c. On February 18, 2020, the CHS purchased a quantity of methamphetamine from the Defendant in the parking lot of a business in Vineland, NJ.

   d. On March 5, 2020, the CHS met the Defendant at the Defendant's home. The CHS and the Defendant then drove to a nearby store in the CHS's vehicle. The Defendant then sold the CHS a quantity of methamphetamine, got out of the car, and walked into the store. The CHS then drove back to the predetermined meet location for debriefing.

   e. On May 1, 2020, the CHS met with the Defendant at the Defendant's residence. The CHS paid for a quantity of methamphetamine that the Defendant later agreed to supply. On May 4, 2020, the CHS again met with the Defendant at the Defendant's residence.

Once there, the Defendant gave the CHS the quantity of methamphetamine that the CHS had paid for on May 1, 2020.

f. On August 9, 2020, the CHS purchased a quantity of methamphetamine from the Defendant at the Defendant's residence.

g. On August 26, 2020, the CHS purchased a quantity of methamphetamine from the Defendant at a business in Vineland, NJ.

h. On September 9, 2020, the CHS purchased a quantity of methamphetamine from the Defendant at the Defendant's residence.

4. The methamphetamine that the CHS purchased from the Defendant was sent to a Drug Enforcement Administration laboratory for testing. The testing showed that the substances sold by the Defendant were in fact a mixture or substance containing methamphetamine, its salts, isomers, and salts of its isomers, weighing over 500 grams.

Pursuant to Fed. R. Crim. P. 4.1, Special Agent Snow was sworn and attested to the contents of this affidavit via telephone on December 11, 2020.

_____
Special Agent Jonathan Snow
Federal Bureau of Investigation

_____
Honorable Ann Marie Donio
United States Magistrate Judge